UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Regal Poultry Inc.,
    Plaintiff

v.

Lions Trucking, LLC,
    Defendant.
_____/

Case No. _____

Judge _____

Magistrate Judge _____

## PLAINTIFF'S COMPLAINT

Plaintiff Regal Poultry Inc. ("Regal Poultry"), through its attorneys Sullivan, Ward, Asher & Patton, P.C., by Robert T. Smith, states the following for its complaint against the defendant, Lions Trucking, LLC.

1. Plaintiff Regal Poultry is corporation incorporated under the laws of Canada and the Province of Quebec and has its principal place of business in Laval, Quebec, Canada.

2. The defendant is a limited liability company organized under the laws of the State of Michigan and has its principal place of business in Dearborn Heights, Michigan.

3. This is a civil action brought under the Carmack Amendment (49 U.S.C. § 14706).

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1337(a) because it is a civil action or proceeding arising under an Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies and the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

5. Venue in this Court is proper pursuant to 49 U.S.C. § 14706(d) because the Eastern

District of Michigan is a judicial district through which the defendant operates and is the judicial district in which the loss or damage giving rise to this action occurred.

6. Regal Poultry is a "claimant" within the meanings of 49 C.F.R. Part 370 and 49 C.F.R. Part 1005 (collectively, the "Applicable Regulations") and is a "person entitled to recover under the receipt or bill of lading" within the meaning of 49 U.S.C. § 14706(a)(1).

7. The defendant is a "carrier" within the meaning of 49 U.S.C. § 14706(a)(1) and is a "motor carrier" and a "carrier" within the meanings of the Applicable Regulations.

8. On or about January 16, 2015, Regal Poultry became obligated to sell to Home Market Foods, and to deliver to Home Market Foods' Norwood, Massachusetts facility (the "Destination") on January 19, 2015, 742 packages (weighing a total of 29,680 pounds) of frozen chicken chunks and, accordingly, Regal Poultry caused 742 packages (weighing a total of 29,680 pounds) of frozen chicken chunks (the "Property") to be delivered to a facility in Detroit, Michigan (the "Detroit Facility").

9. Regal Poultry incurred a cost of $1,750 in United States Dollars ("USD") to ship the Property to the Detroit Facility (the "Detroit Shipping Cost").

10. On January 16, 2015 at the Detroit Facility, Regal Poultry caused to be delivered to the defendant – and the defendant took receipt of – the Property.

11. The defendant caused to be signed and issued a "receipt or bill of lading" for the Property within the meaning of 49 U.S.C. § 14706(a)(1).

12. The defendant received the Property "for transportation" within the meaning of 49

U.S.C. § 14706 (a)(1).

13. When delivered to and received by the defendant, the Property was in good condition and had a total value of $34,132 USD (the "Value of the Property").

14. The defendant was obligated to transport the Property to the Destination and to deliver the Property to Home Market Foods at the Destination on January 19, 2015.

15. On January 18, 2015, a representative of the defendant filed a report with the Dearborn, Michigan police department alleging that on January 17th or 18th of 2015 the Property, along with the defendant's truck and the trailer containing the Property, were stolen from the defendant.

16. The defendant did not deliver the Property to the Destination and did not return the Property to Regal Poultry.

17. Regal Poultry has not regained possession of the Property (or any part of the Property) or been reimbursed or otherwise compensated for the Value of the Property (or any part of the Value of the Property).

18. All conditions precedent to Regal Poultry's bringing of this action have occurred or been performed.

19. On October 15, 2015, Regal Poultry complied with 49 C.F.R. §§ 370.3 and 1005.2 by timely filing with the defendant a written communication (a) containing facts sufficient to identify the baggage or shipment (or shipments) of property, (b) asserting liability for alleged loss, damage, injury, or delay, and (c) making claim for the payment of a specified or determinable amount of money (the "Claim").

20. Pursuant to 49 C.F.R. §§ 370.5(a) and 1005.3(a), the defendant was required to, within 30 days after the date of its receipt of the Claim, either (a) pay or decline (in writing or electronically to Regal Poultry) the Claim or (b) acknowledge the receipt of the Claim in writing or electronically to Regal Poultry (collectively, "Pay/Decline/Acknowledge Requirements").

21. It has been more than 30 days from the date of the defendant's receipt of the Claim, and the defendant has not complied with its Pay/Decline/Acknowledge Requirements.

22. Pursuant to 49 C.F.R. §§ 370.9(a) and 1005.5(a), the defendant was required to, within 120 days after the date of its receipt of the Claim, pay, decline, or make a firm compromise settlement offer (in writing or electronically to Regal Poultry) or, if the Claim could not be processed and disposed of within those 120 days, advise Regal Poultry (in writing or electronically before the expiration of those 120 days) of the status of the Claim and the reason for the delay in making final disposition (collectively, "Pay/Decline/Settlement/Delay Requirements").

23. It has been more than 120 days from the date of the defendant's receipt of the Claim, and the defendant has not complied with its Pay/Decline/Settlement/Delay Requirements.

24. As a result of the foregoing, Regal Poultry suffered the loss of the Value of the Property plus the Detroit Shipping Cost and has incurred attorneys' fees, costs, expenses, the loss of the time-value of money, and other amounts.

Accordingly, Regal Poultry demands the following relief:

A.  that the defendant pay Regal Poultry $35,882 USD (the Value of the Property plus the Detroit Shipping Cost);

B.  that the defendant pay Regal Poultry all interest, attorneys' fees, costs, expenses, and other amounts to which Regal Poultry is entitled by law; and

C.  that Regal Poultry have any other relief that this Court deems appropriate.

Date: February 26, 2016
                                            s/Robert T. Smith
                                            Sullivan, Ward, Asher & Patton, P.C.
                                            25800 Northwestern Highway, Suite 1000
                                            Southfield, Michigan 48075-8412
                                            (248) 746-2713
                                            rsmith@swappc.com
                                            P37637

SULLIVAN, WARD, ASHER & PATTON, P.C.